IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-75-BO

| | |
|---|---|
| LEIGH ANN SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 16, 18]. A hearing was held on these matters before the undersigned on September 13, 2019, at Elizabeth City, North Carolina. For the reasons discussed below, the plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion [DE 18] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for supplemental security income. After initial denials of her application for benefits, plaintiff was given a hearing before an Administrative Law Judge (ALJ), which occurred on June 29, 2017. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

In this case, the ALJ committed reversible error when he discounted the opinion of Dr. Bhatti, stating that Dr. Bhatti's opinion was inconsistent with his own clinical findings. Tr. 67. On their face, there is no such inconsistency between Dr. Bhatti's opinion and his clinical notes, and so more explanation is needed from the ALJ as to how that conclusion was reached. Dr. Bhatti opines, among other things, on plaintiff's hip and back pain, that she would need to recline or lay down more often than is typical, and that she could sit for four hours a day. Tr. 430. This is not inconsistent with his clinical findings/notes that repeatedly list musculoskeletal and hip pain and decreased range of hip motion. Tr. 442, 444, 445, 447, 450, 532, 533. That Dr. Bhatti would have obtained some of this information from plaintiff's complaints about her own symptoms does not make it irrelevant. *See Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). The ALJ must build an accurate and logical bridge from the evidence to his conclusion. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Without more explanation, the ALJ's finding that Dr. Bhatti's clinical

3

records were inconsistent with his opinion does not satisfy the requirement of an accurate bridge. Accordingly, the ALJ's decision must be remanded.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion [DE 18] is DENIED. This matter is REMANDED to the Commissioner for further proceedings.

SO ORDERED, this __28__ day of October, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE